1   HOWARD A. KAPP (SBN 86207)
    LAW OFFICES OF HOWARD A. KAPP
2   3731 Wilshire Blvd. Suite. 514
    Los Angeles, California 90010
3   Telephone:    (213) 927-8000
    Facsimile:    (213) 927-8001
4   Email: hkapp@kapplaw.com

5   Attorneys for Plaintiff
    Alan Weisberg
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  ALAN WEISBERG, individually and on        Case No.
    behalf of all others similarly situated,
12                                             **CLASS ACTION COMPLAINT**
                   Plaintiff,
13                                             **(1) Violation of California Civil Code Section
                                                   1750, et.seq.**
         v.
14                                             **(2) Violation of California Business and
    TAKEDA PHARMACEUTICAL                          Professions Code Section 17200, et seq.**
15  COMPANY LIMITED;
    TAKEDA PHARMACEUTICALS                     **(3) Violation of California Business and
16  AMERICA, INC.;                                 Professions Code Section 17500, et seq.**
    TAKEDA PHARMACEUTICALS
17  INTERNATIONAL, INC.;                       **(4) Breach of Contract**
    H. LUNDBECK A/S;
18  LUNDBECK PHARMACEUTICALS,
    LLC;                                       **JURY TRIAL DEMANDED**
19  LUNDBECK PHARMACEUTICAL
    SERVICES, LLC;
20  LUNDBECK;
    LUNDBECK LLC;
21  LUNDBECK US;

22                 Defendants.

23
         Plaintiff Alan Weisberg ("Weisberg" or "Plaintiff") by and through his counsel, brings
24
    this Class Action Complaint against Defendants TAKEDA PHARMACEUTICAL COMPANY
25
    LIMITED; TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA
26
    PHARMACEUTICALS INTERNATIONAL, INC. (Collectively referred to herein as "Takeda"
27
    or "Defendants"); and H. LUNDBECK A/S; LUNDBECK PHARMACEUTICALS, LLC;
28
    LUNDBECK PHARMACEUTICAL SERVICES, LLC; LUNDBECK; LUNDBECK LLC;

                                   - 1 -
                        **CLASS ACTION COMPLAINT**

LUNDBECK US (Collectively referred to herein as "Lundbeck" or "Defendants"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF ACTION

1. This is a proposed class action. Plaintiff, on behalf of himself and all similarly situated persons seeks money damages and injunctive relief based on Defendants' acts and omissions. This includes claims for breach of contract, for all class members, and relief for a State of California subclass based on violations of State consumer protection laws.

2. The claims relate to the "TRINTELLIX Savings Program" offered by Defendants through printed materials and the internet and, more specifically, on the website for the pharmaceutical anti-depressant known as Trintellix which can be found at https://us.trintellix.com/support-program#Savings.

3. Concurrent with the filing of this Complaint for Injunctive relief related to conduct within the State of California, plaintiff provided the required notice to defendants pursuant to California Civil Code Section 1782. Plaintiff anticipates amending this action after 30 days to add a request for money damages for claims arising in California as necessary.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sect. 1367(a) and Sect. 1332 because: (a) Plaintiff is a resident of one of the Class States and Defendants are Delaware corporations with their principal place of business in Illinois, and (b) the damage claims exceed $75,000 in the aggregate.

5. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sect. 1332(d)(2), the "Class Action Fairness Act." On Information and belief, there are at least 200,000 Class members in the proposed Class, the amount in controversy exceeds $5,000,000, and Plaintiff and substantially all members of the Class are citizens of different States than the Defendants.

6. This Court has personal jurisdiction over Defendants because they do business in the State of

**CLASS ACTION COMPLAINT**

California and this District and a substantial portion of the wrongdoing alleged in the complaint took place here. Defendants have intentionally availed themselves to markets and customers in the State of California and this District through the marketing and promotion, and sales of products and services. Defendants have contacts with this State and District sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper within the State of California and this District pursuant to 29 U.S.C. Sect. 1391 because Defendants regularly conduct business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## **PARTIES**

8. Plaintiff Alan Weisberg ("Weisberg" or "Plaintiff") is a citizen of California, residing within this District. In 2017, Mr. Weisberg was given promotional materials by his treating physician related to the drug known as Trintellix as well as free samples and a prescription for a 90-day supply of said drug. Trintellix is typically used to treat Major Depressive Disorder and is also prescribed off-label as a cognitive function enhancer . Once a patient begins treatment with Trintellix, immediate discontinuation of the drug causes withdrawal symptoms such as anger, anxiety, brain zaps, concentration problems, depression, depersonalization, dizziness, fatigue, flu-like symptoms, headaches, insomnia, irritability, mood swings, muscle tension, nausea, runny nose, suicidal thoughts, sweating, and vomiting.  The promotional materials provided by the physician stated in relatively large print "Pay no more than $10 TRINTELLIX Savings Program." Mr. Weisberg then visited the Trintellix website and found the same claim that he would pay no more than $10 for a 30-day supply or $30 for a 90-day supply of Trintellix if he activated his Trintellix Savings Card online and consented to share his personal information with Takeda Pharmaceuticals U.S.A. Inc., its affiliates, service providers, and co-promotion partners. Mr. Weisberg activated his card and consented to sharing his personal information. Mr. Weisberg began his treatment with a one-month supply of the medication his physician provided by way of samples.

9. Thereafter, Mr. Weisberg attempted to fill his 90-day Trintellix prescription at a Ralph's pharmacy and presented his Trintellix Savings Card. He was told by the Ralph's pharmacy

- 3 -

**CLASS ACTION COMPLAINT**

technician that the Trintellix Savings Card was only covering $297.45 of the cost and that he was required to pay $849.71 out of pocket for the medication.  Mr. Weisberg would not have started his treatment with Trintellix nor consented to the sharing of his personal information if he had known that he would be paying more than $10 for a 30-day supply or more than $30 for a 90-day supply. Mr. Weisberg paid the additional out of pocket cost of $849.71 in order to obtain the medication, continue with his treatment, and avoid withdrawal symptoms.

10. Defendant Takeda is a Delaware corporation with its principal executive offices located at One Takeda Parkway, Deerfield, Illinois 60015. Takeda, directly or through its agents, parent company, related entities, and/or subsidiaries, produces, manufactures, packages, labels, distributes, markets, advertises and sells Trintellix nationwide, including in California. Takeda directly or through its agents, parent company, related entities and/or subsidiaries, has also maintained substantial production, manufacturing, packaging, labeling, distribution, marketing, advertising and/or sales operations in this District. Including, but not limited to, advertising campaigns promoting Trintellix by way of national commercials appearing on various Los Angeles County network television channels.

11. Defendant Lundbeck is a Delaware limited liability company with its principal executive offices located at 6 Parkway North Suite 400, Deerfield, Illinois. Lundbeck directly or through its agents, parent company, related entities, and/or subsidiaries, produces, manufactures, packages, labels, distributes, markets, advertises and sells Trintellix nationwide, including in California. Lundbeck directly or through its agents, parent company, related entities, and/or subsidiaries, has also maintained substantial production, manufacturing, packaging, labeling, distribution, marketing, advertising and/or sales operations in this District. Including, but not limited to, advertising campaigns promoting Trintellix by way of national commercials appearing on various Los Angeles County network television channels.

## FACTUAL ALLEGATIONS

**A. Background**

12. At all relevant times during the class period, Defendants have manufactured, packaged, labeled, distributed, marketed, advertised, and sold Trintellix across California and the United States. Trintellix is sold at pharmacies throughout the United States, including, but not limited

**CLASS ACTION COMPLAINT**

to CVS, Rite Aid, Ralphs, Walgreens, and Vons, and can be purchased by a consumer only by prescription issued by a licensed medical care provider.

13. In 2007, Defendants Lundbeck and Takeda formed a strategic alliance to co-develop and market the drug called Vortioxetine under the brand names Trintellix and Brintellix. On information and belief, Vortioxetine aka Trintellix aka Brintellex is under patent so that Defendants are the exclusive manufacturers and/or distributors in the United States.

14. In 2016, Defendants Lundbeck and Takeda obtained approval by the FDA to begin marketing and selling Trintellix in the United States to treat Major Depressive Disorder (MDD).

15. As part of Defendants' marketing campaign in the United States, it launched a promotion known as the Trintellix Savings Program which promised that patients who purchased a 30-day supply of Trintellix would "Pay no more than $10" and no more than $30 for a 90-day supply if the patients activated their Trintellix Savings Card online or by calling a toll-free number and consented to the sharing of their personal information to third parties.

16. At all relevant times during the class period, Defendants promoted the Trintellix Savings Program by providing participating physicians with samples of Trintellix and providing the "full prescribing information including boxed warning for suicidal thoughts and actions" insert in a small booklet. Physicians were required to give this small booklet to patients along with the samples. The booklet doubled as a brochure which stated prominently on the front of it "Trintellix vortioxetine 5mg 10mg 20mg tablets- Pay no more than $10 Trintellix Savings* Program -   Please see accompanying full Prescription information including Boxed Warning for Suicidal Thoughts and Actions -   *Must meet eligibility requirements."

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12

 

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17. On the back side of the small booklet it provided Pharmacy Instructions as follows: "By submitting this offer for reimbursement to McKesson, you certify that: (1) you have dispensed TRINTELLIX to an eligible patient in accordance with the Eligibility Requirements of this offer and the accompanying prescription; (2) you have not submitted and will not submit a claim for reimbursement for the portion of the drug covered by this coupon to any payor; (3) your participation in this program is consistent with all applicable laws and any obligations, contractual or otherwise, that you may have as a pharmacy provider. [Takeda Logo] [Lundbeck Logo] – Trintellix is a trademark of H. Lundbeck A/S and used under license by Takeda Pharmaceuticals America, Inc. ©2016 Takeda Pharmaceuticals U.S.A., Inc. USD/VOR/15/0386 (1) 06/2016."

18. On the inside page, left side, the small booklet stated prominently "4 simple steps to pay no more than $10*.  -  1. Check your eligibility, together with Terms and Conditions – 2. Punch out the TRINTELLIX Savings Card – 3. Activate the card at Trintellix.com/savings. Or call 1-866-279-0287 – 4. Show the card to the pharmacist every time you fill your prescription - *Must meet eligibility requirements. Eligible patients will save up to $100 per 30-day prescription. Savings will apply after patients pay for the first $10."

- 6 -

**CLASS ACTION COMPLAINT**

19. On the inside page, right side, a perforated rectangular Savings Card was provided. Below the perforated card appeared following information: "For more information, questions, activation, and renewal of your card, go to Trintellix.com/savings, or call 1-866-279-0287. – If your pharmacy couldn't accept this card or process it for any reason, a mail-in rebate form is available at www.patientrebateonline.com – Trintellix vortioxetine 5mg 10mg 20mg tablets." Tucked into a pocket on the inside right page was a rectangular shaped folded up document entitled "Full Prescribing Information".



20. At all relevant times during the class period, Defendants promoted the Trintellix Savings Program on their website at  https://us.trintellix.com/support-program#Savings.

- 7 -

**CLASS ACTION COMPLAINT**



21. In particular, the website stated: "Plus, if you are eligible, you will pay no more than $10 per 30-day TRINTELLIX prescription with the TRINTELLIX Savings card.*"

22. The asterisk referred to the footnote at the bottom which stated: "Must meet eligibility requirements. Eligible patients pay no more than $10 per 30-day prescription or up to $30 per 90-day prescription. Maximum savings of $1200 per 12-month period."

23. Upon clicking on the "Find out more" box on the webpage, the image is replaced by the following page:

**CLASS ACTION COMPLAINT**







**Get savings, mentoring, and support**

tAccess is a support and mentoring program that provides helpful tips, tools, and more.

**Pay no more than $10***

**By signing up for tAccess, you may receive:**

- Your own TRINTELLIX Savings Card that may allow you to pay no more than $10 per prescription*
- A Support Mentor who is available to help provide tips and tools to help you stay on track to take your medication as prescribed by your healthcare provider
- Emails to help educate and provide support with useful downloadable tools

| Sign Up for Savings Card Activation and Support | Sign Up for Support Only |

24. That page stated that: "By signing up for tAccess, you may receive: Your own TRINTELLIX Savings Card that may allow you to pay no more than $10 per prescription*, A Support Mentor who is available to help provide tips and tools to help you stay on track to take your medication as prescribed by your healthcare provider, Emails to help educate and provide support with useful downloadable tools."

25. The asterisk referred to the footnote at the bottom of the page with the heading "Eligibility Requirements" and is presented below:

**Your consent**

☐ By enrolling, you give permission to use your personal information to receive product and disease-state information from Takeda Pharmaceuticals U.S.A., Inc., its affiliates, service providers, and co-promotion partners. You may revoke your permission at any time.



*Eligibility Requirements: This offer cannot be used if you are a beneficiary of, or any part of your prescription is covered by: (1) any non-employee federal or state government healthcare program (Medicare, Medicaid, TriCARE, etc.) including a state pharmaceutical assistance program, (2) the Medicare Prescription Drug Program (Part D), or if you are currently in the coverage gap, or (3) insurance that is paying the entire cost of the prescription.

26. Specifically, the Eligibility Requirements stated as follows: "This offer cannot be used if you are a beneficiary of, or any part of your prescription is covered by: (1) any non-employee federal or state government program (Medicare, Medicaid, TriCARE, etc.) including a state pharmaceutical assistance program, (2) the Medicare Prescription Drug Program (Part D), or

**CLASS ACTION COMPLAINT**

if you are currently in the coverage gap, or (3) insurance that is paying the entire cost of the prescription."

27. Additionally, in order to register the Trintellix Savings Card, the consumer is required to give consent of the following: "By enrolling, you give permission to use your personal information to receive product and disease-state information from Takeda Pharmaceuticals U.S.A., Inc., its affiliates, service providers, and co-promotion partners…."

## **INDIVIDUAL ALLEGATIONS**

28. Plaintiff/Class Representative Weisberg is a California resident, who within the class period activated a Trintellix Savings Card as part of the Trintellix Savings Program and consented to the sharing of his personal information with Takeda Pharmaceuticals U.S.A., Inc., its affiliates, service providers, and co-promotion partners as a condition of enrollment. Weisberg enrolled in the Trintellix Savings Program in order to take advantage of the program offer that he would pay no more than $10 for a 30-day supply of Trintellix or $30 for a 90-day supply. Weisberg met the "Eligibility Requirements" as he was NOT a beneficiary of, nor was any part of his prescription covered by: (1) any non-employee federal or state government program (Medicare, Medicaid, TriCARE, etc.) including a state pharmaceutical assistance program, (2) the Medicare Prescription Drug Program (Part D), or in the coverage gap, or (3) insurance that was paying the entire cost of the prescription."

29. In 2017, Weisberg presented his Trintellix Savings Card to his local pharmacist. Weisberg was then charged $849.71 for a 90-day supply of Trintellix. Weisberg was informed that the Trintellix Savings Card only covered $297.45 of the total cost and that he was responsible for the remaining balance. Weisberg insisted that the Trintellix Savings Card made him eligible to not pay over $30 for a 90-day supply and asked the pharmacist to call the number on the card (866) 279-0287. The pharmacist called the number on the Savings Card and confirmed that the coupon would only pay $297.45 and that Mr. Weisberg would be responsible for paying $849.71. Mr. Weisberg called (866) 279-0287 himself to confirm and was told the same. Additionally, Mr. Weisberg was told that the only way he would receive the promotional pricing was if he had personal health insurance that paid the difference.

**CLASS ACTION COMPLAINT**

30. On or about March 23, 2017, Mr. Weisberg paid $849.71 for a 90-day supply of Trintellix. He did not receive the benefit that was promised (i.e. that he would pay no more than $10 per 30-day supply or $30 per 90-day supply).

31. At the time that Mr. Weisberg activated his Trintellix Savings Card online, there was no clear and conspicuous indication of: (1) the terms, conditions, and limitations of the offer; nor (2) that the only way Mr. Weisberg would end up paying only $10 per 30-day supply of Trintellix was if his own health insurance paid the balance that remained after the coupon paid only a portion of the cost of the medication.

## **CLASS ALLEGATIONS**

32. Plaintiff brings this action for himself, and on behalf of all similarly situated persons who participated in the Trintellix Savings Program in such Class States as the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

33. The Class and Subclasses of persons that Plaintiff seeks to represent are initially defined as:

    a.  The "Nationwide Class" defined as:

        All persons who, at any time during the applicable class period activated and/or registered a Trintellix Savings Card under the Trintellix Savings Program that offered patients a voucher to pay no more than $10 per 30-day Trintellix prescription or $30 per 90-day prescription ("promotional price") if said persons consented to sharing their personal information with Takeda Pharmaceuticals U.S.A. Inc., its affiliates, service providers, and co-promotion partners within any Class State and then attempted to and/or did redeem said voucher at a pharmacy and were denied the promotional price.

    b.  The "California Subclass" defined as:

        All California residents, who at any time during the applicable class period activated and/or registered a Trintellix Savings Card under the Trintellix Savings Program that offered patients a voucher to pay no more than $10 per 30-day

**CLASS ACTION COMPLAINT**

Trintellix prescription or $30 per 90-day prescription ("promotional price") if said persons consented to sharing their personal information with Takeda Pharmaceuticals U.S.A. Inc., its affiliates, service providers, and co-promotion partners and then attempted to and/or did redeem said voucher at a pharmacy and were denied the promotional price.

Excluded from the Nationwide Class and the California Subclass is: (a) any Defendant, person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and any current employee of any Defendant; (b) all persons who make a timely election to be excluded from the proposed Class; (c) the judge(s) to whom this case is assigned and any immediate family members thereof; and (d) the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

34. Plaintiff's claims are appropriate for the class-wide certification and treatment because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

35. Numerosity Under Rule 23(a)(1). Members of the National Class and the California Subclass are so numerous that joinder of all members individually, in one action or otherwise, is impractical. On information and belief, the National Class consists of substantially more than 200,000 members, and each State Subclass likely exceeds 20,000 members.

36. Commonality and Predominance under Rule 23(a)(2) and (b)(3). Common questions of law and fact are shared by Plaintiffs and members of the National Class and the California Subclass which predominate over any individual issues.

37. For the National Class, common issues of law include:

    a.   Which of the various Takeda corporations or Limited Liability Companies are proper Defendants in this matter?

    b.   Which of the various Lundbeck corporations or Limited Liability Companies are proper Defendants in this matter?

- 12 -

**CLASS ACTION COMPLAINT**

c.  Was a contract formed between Defendants and the Class Members?

d.  If a contract was formed, what were the terms?

e.  If a contract was formed, did Defendants breach any of its terms?

f.  What is the appropriate measure of damages for Defendants' breach?

g.  Is specific performance a proper remedy for Defendants' breach?

h.  Is the National Class entitled to an injunction or other equitable relief?

38. For the State of California Subclass ("California Subclass"), common questions of law and fact include each of the above common questions of law and fact applicable to the National Class, and in addition:

a.  Was the Trintellix Savings Program promotion that consumers will "Pay No More than $10" a deceptive representations in connection with goods and services as proscribed by Cal.Civ.Code [[personal preference: can we spell out the name of the entire statute, i.e., California Civil Code §]] 1770?

b.  Was the Trintellix Savings Program promotion that consumers will pay no more than $30 for a 90-day supply of Trintellix a deceptive representation in connection with goods and services as proscribed by Cal.Civ.Code 1770?

c.  Did Defendants represent that the Trintellix Savings Card had a use or benefit which it did not have as proscribed by Cal.Civ.Code 1770?

d.  Did Defendants advertise the Trinellix medication with the intent not to sell it as advertised as proscribed by Cal.Civ.Code 1770?

e.  Did Defendants advertise the Trintellix Savings Program with the intent not to sell it as advertised as proscribed by Cal.Civ.Code 1770?

f.  Was Defendants conduct proscribed by Cal.Civ.Code 1770 which prohibits making false or misleading statements of fact concerning amount of price reductions?

**CLASS ACTION COMPLAINT**

g.  Did Defendants represent that the consumer will receive a rebate, discount, or other economic benefit, contingent on the consumer's health insurance paying for part of the cost in violation of Cal.Civ.Code 1770?

h.  When did Plaintiffs / Class representative discover Defendants' violations of the California Consumers Legal Remedies Act ("CLRA")?

i.  What damages are recoverable under the CLRA based on the allegations in this case?

j.  Should the Court grant equitable relief under Cal.Civ.Code 1780?

k.  What types of equitable relief is appropriate?

l.  Was notice to Defendants required under Cal.Civ.Code 1782, and if so, was proper notice provided by the representative(s) of the California Subclass?

39. Plaintiff's claims are typical of the claims of the members of the National Class. Plaintiff's claims arise from the same type of events, practices, and course of conduct by each Defendant --- the Trintellix Savings Program / Trintellix Savings Card promotion. The legal theories asserted by Plaintiff are the same as the legal theories that will be asserted on behalf of the National Class – money damages claims for breach of contract, restitution, and claims for injunctive relief.

40. Plaintiff's claims are typical of the claims of the members of the California Subclass. Plaintiff's claims arise from the same type of events, practices, and course of conduct by each Defendant – the Trintellix Savings Program / Trintellix Savings Card promotion. The legal theories asserted by Plaintiff are the same as the legal theories asserted by the members of the California Subclass.

**CLASS ACTION COMPLAINT**

41. Plaintiff is willing and prepared to serve the Court and proposed California Subclass in a representative capacity with all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the National Class and the California Subclass, and has no interests adverse to or which directly or irrevocably conflict with the other members of the National Class or the Subclass.

42. The self-interests of Plaintiff are co-extensive with, and not antagonistic to those of the absent National Class and California Subclass members. The proposed representative will represent and protect the interests of the absent class and subclass members.

43. Plaintiff has engaged the services of the following counsel and law firm: Howard A. Kapp, Attorney at Law, Law Offices of Howard A. Kapp. Counsel is experienced in litigation, and will protect the rights of and otherwise effectively represent the named class representatives and absent National Class and California Subclass members.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The operative facts relating to Plaintiff and National Class and California Subclass members are the same, the damages suffered by individual Class and Subclass members are relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class and Subclass to individually redress the wrongs done to them, and proceeding as a class action will resolve hundreds of thousands of claims in a manner that is fair to Defendants and Class Members. There will be no difficulty in the management of this case as a class action.

45. Class members may be notified of the pendency of this action by several means, including on promotional websites and social media related to the Trintellix Savings Program and

**CLASS ACTION COMPLAINT**

Trintellix Savings Card, directly based on registration records of consumers who registered their Trintellix Savings Card on Defendants' website, and if deemed necessary or appropriate by the Court, through published notice. Further, upon information and belief, Defendants recorded identifying details of consumers who registered their Trintellix Savings Card on Defendants' website and/or through a toll-free phone number, which provides a direct method of notifying a substantial percentage of Class and Subclass members.

46. The prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for Defendants. Defendants have acted on grounds that apply generally to the Class and Subclass making equitable relief appropriate to the Class as a whole.

## FIRST CLAIM FOR RELIEF
### Violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1750, et.seq.
#### (*for the California Subclass*)

47. Plaintiff repeats the allegations contained in paragraphs 1 through 46 above as if fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

49. The Trintellix Savings Card and the Trintellix drug are "goods" within the meaning of Cal.Civ.Code Section 1761(a), and the purchases of such products by Plaintiff and members of the California Subclass constitute "transactions" within the meaning of Cal.Civ.Code Sect. 1761(e).

50. Cal.Civ.Code Sect. 1770(a)(4) prohibits "[u]sing deceptive representations or designations of geographical origin in connection with goods and services." Defendants made the

- 16 -

**CLASS ACTION COMPLAINT**

representation that the consumer will pay no more than $10 for a 30-day supply of Trintellex or $30 for a 90-day supply if the consumer registers his Trintellix Savings Card. However, in reality, upon presenting the card to the pharmacist, the consumer is required to pay hundreds of dollars to obtain the medication. Therefore, Defendants violated section 1770(a)(4) of the CLRA.

51. Cal.Civ.Code Sect. 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…." Defendants made the representation that the consumer will pay no more than $10 for a 30-day supply of Trintellex or $30 for a 90-day supply if the consumer registers his Trintellix Savings Card. However, in reality, upon presenting the card to the pharmacist, the consumer is required to pay hundreds of dollars to obtain the medication. Therefore, Defendants violated section 1770(a)(5) of the CLRA.

52. Cal.Civ.Code Sect. 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." Defendants made the representation that the consumer will pay no more than $10 for a 30-day supply of Trintellex or $30 for a 90-day supply if the consumer registers his Trintellix Savings Card. However, in reality, upon presenting the card to the pharmacist, the consumer is required to pay hundreds of dollars to obtain the medication. Therefore, Defendants violated section 1770(a)(9) of the CLRA.

53. Cal.Civ.Code Sect. 1770(a)(13) prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Defendants made the representation that the consumer will pay no more than $10 for a 30-day supply of Trintellex or $30 for a 90-day supply if the consumer registers his Trintellix Savings Card. However, in reality, upon presenting the card to the pharmacist, the consumer is required to pay hundreds of dollars to obtain the medication. Therefore, Defendants violated section 1770(a)(13) of the

**CLASS ACTION COMPLAINT**

CLRA.

54. Cal.Civ.Code Sect. 1770(a)(17) prohibits "[r]epresenting that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction." Defendants concealed the fact that, in order to receive the benefit of paying no more than $10 for a 30-day supply or $30 for a 90-day supply the consumer's own health insurance would have to supplement the difference between the price and what the Defendants were willing to pay. Therefore, Defendants violated section 1770(a)(17 of the CLRA.

55. At all relevant times, Defendants have known or reasonably should have known that they would not be subsidizing the cost of Trintellix under the Trintellix Savings Program such that all eligible consumers with a registered Trintellix Savings Card would pay no more than $10 for a 30-day supply or $30 for a 90-day supply; that instead Defendants would only be able to do so if the consumer's own insurance subsidized a portion of the cost; and that Plaintiff and other members of the California Subclass would reasonably and justifiably rely on Defendants misrepresentations.

56. Plaintiff and members of the California Subclass have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when activating the Trintellix Savings Card and using it to purchase Trintellix at the pharmacy. Moreover, based on the very materiality of Defendants' fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to activate the Trintellix Savings Card and purchasing Trintellix may be presumed or inferred for Plaintiff and members of the California Subclass.

57. Plaintiff and members of the California Subclass have suffered and continue to suffer injuries caused by Defendants because they would not have activated the Trintellix Savings Card and consented to sharing of their personal information with Takeda, its affiliates, service

**CLASS ACTION COMPLAINT**

providers, and co-promotion partners had they known that Defendants' conduct was

misleading and fraudulent. Furthermore, Plaintiff and members of the California Subclass

were induced into taking Trintellix based on the promise that they would not pay more than

$10 for a 30-day supply instead of taking other less expensive and generic brand anti-

depressants available on the market. The direct result has been harm to the Plaintiff and

members of the California Subclass and more profits for the Defendants.

58. Under Cal.Civ.Code Section 1780(a), Plaintiff and members of the California subclass seek

restitution, declaratory and injunctive relief, and all other remedies the Court deems

appropriate for Defendants' violations of the CLRA. Plaintiff seeks to enjoin Defendant from

use of deceptive marketing tactics to lure consumers into consenting to share their personal

information with Takeda, its affiliates, service providers, and co-promotion partners.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law, California Business & Professions**
**Code Sections 17200, et.seq.**
**(for the California Subclass)**

59. Plaintiff repeats the allegations contained in paragraphs 1 through 46 above as if fully set

forth herein.

60. Plaintiff brings this claim individually and on behalf of the members of the proposed

California Subclass against Defendants.

61. California Business & Professions Code Sect. 17200 provides, in pertinent part, that "unfair

competition shall mean and include unlawful, unfair or fraudulent business practices and

unfair, deceptive, untrue or misleading advertising …."

62. Under California Business & Professions Code Sect. 17200, a business act or practice is

"unlawful" if it violates any established State or Federal law.

63. Defendants' false and misleading advertising of the Trintellix Savings Program / Trintellix

Savings Card was and continues to be "unlawful" because it violates the CLRA, California's

- 19 -

**CLASS ACTION COMPLAINT**

False Advertising Law ("FAL"), and other applicable laws as described herein.

64. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully, unfairly and/or fraudulently obtained money and personal information for the purpose of sharing with marketing partners from Plaintiff, and members of the California Subclass.

65. Under the California Business & Professions Code Sect. 17200, a business act or practice is "unfair" if the Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

66. Defendants' conduct was and continues to be of no benefit to registrants of the Trintellix Savings Card under the Trintellix Savings Program, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the representations that by consenting to have their personal information shared they will pay no more than $10 for a 30-day supply of Trintellix or $30 for a 90-day supply – when, in fact, this is false.

67. As a result of Defendants' unfair business acts and practices, Defendants have and continue to unfairly obtain money and profit from the sharing of personal information from Plaintiff, and members of the California Subclass.

68. Under the Business and Professions Code Sect. 17200, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

69. Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the if they activate their Trintellix Savings Card and consent to the sharing of their personal information with Defendants and third parties, they will pay no more than $10 for a 30-day supply of Trintellix or $30 for a 90-day supply. Because Defendant misled Plaintiff and members of the California Subclass, Defendant's

**CLASS ACTION COMPLAINT**

conduct was "fraudulent."

70. As a result of Defendants' fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money and continue to profit from the sharing of personal information from Plaintiff, and members of the California Subclass. This profiting has the potential to continue indefinitely into the future as long as Defendants continue to share and/or sell personal information of Plaintiff and the California Subclass.

71. Plaintiff requests that this Court cause Defendants to restore this unlawfully, unfair, and fraudulently obtained money to Plaintiff and members of the California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendants from violating the Business and Professions Code Sect. 17200 or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of the California Subclass, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL")**
**California Business & Professions Code Sects. 17500, et.seq.**
**(for California Subclass)**

72. Plaintiff repeats the allegations contained in paragraph 1 through 46 above as if fully set forth herein.

73. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

74. California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public…in any advertising device…or in any other manner or means whatever, including over the Internet, any statement, concerning…personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be

- 21 -

**CLASS ACTION COMPLAINT**

known, to be untrue or misleading."

75. Defendants have represented and continue to represent to the public, including Plaintiff and members of the California Subclass, through their deceptive promotion of the Trintellix Savings Program and the Trintellix Savings Card, that consumers will pay no more than $10 for a 30-day supply of Trintellix or $30 for a 90-day supply if they activate the savings card and consent to the sharing of personal information to third parties. Defendants representation is misleading because the when the Savings Card is presented at the pharmacy, the consumer pays more than $10 for a 30-day supply and more than $30 for a 90-day supply. Because Defendants have disseminated misleading information regarding their products, and Defendants know, knew, or should have known through the exercise of reasonable care, that the representation was and continues to be misleading, Defendants violate the FAL.

76. Furthermore, Defendants know, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

77. As a result of Defendants' false advertising, Defendant has and continues to fraudulently obtain money and profits from the sharing of personal information from Plaintiff and members of the California Subclass.

78. Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and members of the California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the California Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**CLASS ACTION COMPLAINT**

### SEVENTH CLAIM FOR RELIEF
#### Breach of Contract
#### (for the Classes)

79. Plaintiff repeats the allegations contained in paragraphs 1 through 46 above as fully set forth herein.

80. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

81. Defendants Trintellix Savings Program and Trintellix Savings Card whereby Defendants promoted that consumers would "Pay no more than $10" if they activated their savings card and consented to the sharing of their personal information was an offer.

82. The terms of Defendants' offer were that if Plaintiff or a Class Member activated his or her Trintellix Savings Card online or via a toll-free number and consented to the sharing of his or her personal information with Takeda Pharmaceuticals U.S.A., Inc., its affiliates, service providers, and co-promotion partners, that he or she would pay no more than $10 for a 30-day supply of Trintellix or $30 for a 90-day supply.

83. Plaintiff and Class Members accepted Defendants' offer when they activated their Trintellix Savings Card online or via a toll-free number and checked the box to consent to the sharing of their personal information with third parties.

84. Defendants breached the terms of the contract because they failed to cover the cost of the Trintellix medication enough to ensure that Plaintiff and Class Members would not pay more than $10 for a 30-day supply or $30 for a 90-day supply. Instead, Defendants Trintellix Savings Card only partially covered the cost of the medication, leaving a balance to the consumer greater than $10 for a 30-day supply or $30 for a 90-day supply.

85. Plaintiff and Class Members are entitled to damages incurred as a result of Defendants' breach.

- 23 -

**CLASS ACTION COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a) For an order certifying the Nationwide Class and the California Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c) For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d) For an order awarding all compensatory and punitive damages; Excluding damages under the California Consumer Legal Remedies Act on behalf of the Plaintiff and California Subclass until the end of the 30-day notice period required under Cal.Civ.Code 1782;

e) For prejudgment interest on all amounts awarded;

f) For interest on the amount of any and all economic losses, at the prevailing legal rate;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper;

i) For an order awarding Plaintiff and all Classes their reasonable attorneys' fees, expenses and costs of suit.

j) For any other such relief as the Court deems just and proper.

**CLASS ACTION COMPLAINT**

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury on all issues so triable.


Dated: March 27, 2017                                **LAW OFFICES OF HOWARD A. KAPP**


By: <u>/s/ Howard A. Kapp</u>
Howard A. Kapp, Bar No. 86207
3731 Wilshire Blvd. Ste. 514
Los Angeles, CA 90010
Tel. (213) 927-8000
Fax. (213) 927-8001
Email: howard@kapplaw.com

Counsel for Plaintiff Alan Weisberg

**CLASS ACTION COMPLAINT**

## <u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>

I, Alan Weisberg, declare as follows:

1.  I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and if called as a witness, I could testify competently thereto.

2.  This Class Action Complaint is filed in the proper place for trial because I was exposed to Defendants advertising and promotion in the Central District of California, and Defendant conducts a substantial amount of business in this District.

3.  In 2017, I received a Trintellix Savings Card from my physician while in this District which I thereafter activated on the internet and consented to the sharing of my personal information with third parties using my computer also within this District. I did so in order to qualify for the promotional pricing which promised that I would pay no more than $10 for a 30-day supply of Trintellix or $30 for a 90-day supply.

4.  I met all eligibility requirements for the Trintellix Savings Card at the time that I activated it and thereafter.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed this 27th day of March 2017 at Los Angeles, California.

_____
Alan Weisberg

**CLASS ACTION COMPLAINT**